United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSALINDA VALENCIA-CHAVEZ,
Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,
Defendants.

Case No. 26-cv-05438-AMO

**ORDER GRANTING MOTION TO REMAND, AND TERMINATING MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

Re: Dkt. Nos. 6, 7, 20

This is an employment discrimination case. Before the Court are Rosalinda Valencia-Chavez's motion to remand, and Wells Fargo Bank, N.A.'s motions to compel arbitration and to dismiss. Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, the Court **GRANTS** Valencia-Chavez's motion to remand for the following reasons. Wells Fargo's motions to compel arbitration and to dismiss are therefore **TERMINATED AS MOOT**.

Wells Fargo contends that the presence of Edgar Karapepyan, a non-diverse defendant, should be disregarded under the fraudulent joinder doctrine. In order to establish fraudulent joinder, Wells Fargo must prove by clear and convincing evidence that Valencia-Chavez has only a "trivial or frivolous" possibility of stating a claim against Karapepyan. *See Nieves v. Costco Wholesale Corp.*, No. 22-CV-00977-JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (citations omitted). Valencia-Chavez alleges that Karapepyan, her direct supervisor, on back-to-back days pressed her to answer whether she would rather take a vow of abstinence/celibacy or a vow of silence. Dkt. No. 1, Ex. A ¶¶ 23-25. The California Legislature has emphasized in recent years that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding

the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b); *see also* Cal. Gov't Code § 12923(e) ("Harassment cases are rarely appropriate for disposition on summary judgment."). As a result, state courts have recognized that some older harassment cases "are no longer good law." *See, e.g.*, *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 880 (2023); *Wawrzenski v. United Airlines, Inc.*, 106 Cal. App. 5th 663, 698-99 (2024). While it is not clear that Karapepyan's alleged conduct rises to the level of sexual harassment, that inadequacy is not "obvious according to the settled rules of the state." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (citation omitted). Wells Fargo therefore fails to establish fraudulent joinder, so diversity jurisdiction does not exist.

Valencia-Chavez's motion to remand is **GRANTED**. Wells Fargo's motions to compel arbitration and to dismiss are therefore **TERMINATED AS MOOT**, without prejudice to raising those arguments on remand. This action is hereby remanded to the Superior Court of California for the County of San Francisco. The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: September 28, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**